**Mrs. Nancy G. ROGERS et al., Appellants,**

**v.**

**Robert J. WARE et al., Appellees.**

Court of Appeals of Tennessee, Western Section.

May 3, 1977.

Certiorari Denied by Supreme Court Aug. 22, 1977.

W. G. McDonough, McMinnville, for Nancy G. Rogers, John R. Moffitt and George Allen Moffitt.

R. E. Bonner, Jr., McMinnville, for Robert J. Ware and Mickey Ware.

Larry B. Stanley, McMinnville, for Harold P. Womack and other Moffitt heirs.

NEARN, Judge.

This case has reached the Court of Appeals for the second time.

Nancy G. Rogers, John R. Moffitt and George Allen Moffitt, heirs of Maggie Moffitt, who are the original plaintiffs, original appellants and appellants herein, filed their complaint in the Chancery Court for Warren County in 1973, and alleged that a certain deed from Womack successor trustee, to Robert J. Ware and Mickey Ware was void. The bill alleged that the land conveyed by the mentioned deed had been devised in trust by the will of Maggie Moffitt to V. C. Moffitt as trustee for the benefit of Fate Moffitt for his life and then to the heirs of Maggie Moffitt in fee; that Fate Moffitt had died in 1972 and that Harold P. Womack, a purported successor trustee, sold the land at public auction to the Wares. The deed to Ware recited that the conveyance was subject to a life estate in one Blanche Stubblefield. Named as defendants were Robert J. Ware, Mickey Ware, Womack, Stubblefield and the other heirs of Maggie Moffitt.

The principal relief sought was to have declared void the deed from Womack to the Wares and to have the land re-sold (presumably for a better price) and the proceeds therefrom distributed among the heirs.

At the first trial the Chancellor held, *inter alia*, that (a) Womack was a legally appointed successor trustee and (b) in any event, plaintiffs were estopped to attack the deed from Womack to the Wares.

On the first appeal, the Court of Appeals held that Womack acted without authority as a substitute trustee, but the Court refused to declare the deed void and concurred in the Chancellor's statement that, under the proof, the plaintiffs were estopped to deny the validity of the deed. However, the Court of Appeals was not satisfied that all

parties of interest were properly before the Court and remanded to the end that all parties be before the Court and that the rights of Blanche Stubblefield be settled.

No petition for certiorari was sought from the judgment of the Court of Appeals.

On the remand the Chancellor was satisfied that all parties were before the Court and ratified the deed to the Wares subject to the life estate in Stubblefield and ordered the proceeds of the Womack-Ware sale distributed to the Moffitt heirs.

The original plaintiffs have again appealed.

Rule 12(2) of the rules of this Court as found in Volume 1, T.C.A. provides:

"A statement of the errors of fact or law relied upon to reverse or modify the same, showing specifically where the action complained of is erroneous, and how it prejudiced the rights of the appellant, *with references to the pages of the record where the ruling of the court on matters constituting errors of law appeared*; and, in case it is an error of fact, to the pages of the record where the testimony relied upon to sustain the same is to be found."

(Emphasis supplied)

This appeal is proof of the necessity of the rule. The Assignments of Error contain no citation to any pages of the record wherein we are to find the complained-of rulings of the Court. Some might suggest that it would be no great task for the Court to simply examine the final decree. The problem with that suggestion is that we have two final decrees. One for the first appeal and one for the second. The Assignments of Error seem to be primarily directed to alleged errors in the first decree, especially the holding that the plaintiffs were estopped to deny the validity of the Womack-Ware deed. This complaint was considered by this Court on the first appeal and the Trial Court was affirmed on the issue of estoppel. Our previous holding has become final and is now the law of the case and may not now be reargued and relitigated. *D. M. Rose & Co. v. Snyder* (1947) 185 Tenn. 499, 206 S.W.2d 897; *Phelps v. Mag-* *navox Company of Tenn.* (1972 Tenn.App., W.S.) 497 S.W.2d 898.

In the previous Opinion of this Court it was held that the Womack-Ware deed was an effective conveyance and that plaintiffs were estopped to deny same, but all parties of interest ought be before the Court so that the conveyance would be unquestioned. This Court was not satisfied that all interests were in fact before the Court and remanded to ascertain that fact. The Trial Court, on remand, determined that all parties were before the Court and this finding is not objected to on this appeal and is in fact stipulated.

However, a portion of the Assignments of Error complain of the life estate in Blanche Stubblefield.

The necessary result of this Court's previous holding that plaintiffs were estopped to deny the validity of the deed to the Wares is that plaintiffs were estopped to deny a life estate in Blanche Stubblefield. The deed itself recites that the conveyance is subject to the life estate. As before stated, that holding became the law of the case and cannot now be complained of.

The result is that all Assignments of Error are overruled and costs of appeal are adjudged against appellant and surety.

Done at Nashville in the two hundred and first year of our Independence and in the one hundred and eighty-second year of our Statehood.

CARNEY, P. J., and MATHERNE, J., concur.