Kenneth B. SCHOEN, Plaintiff-Appellee,

v.

J.C. BRADFORD & CO., a partnership, and J.C. Bradford, Incorporated, and the individual partners and stockholders thereof; J.C. Bradford, Gordon Brooks, Einer Nielson, J.C. Bradford, Jr., David Stein, Melville M. Barnes, Charles H. Robinson, Robbie T. Maher, Thomas H. Stafford, Jr., R. Fred Trexler, O.L. Garrison Elder, William S. McGinness, Clarence W. Haley, Bledsoe C. Pinkerton, W. Lucas Simmons, Jr., Frank C. Tobin, J.W. Berry Reid, Jr., James S. Gallivan, and Robert W. McInness, Defendants-Appellants.

Court of Appeals of Tennessee, Middle Section.

Jan. 23, 1984.

Application for Permission to Appeal Denied by Supreme Court March 12, 1984.

Val Sanford, Joel M. Leeman, Gullett, Sanford & Robinson, Nashville, for plaintiff-appellee.

William Waller, D.L. Lansden, Waller, Lansden, Dortch & Davis, Nashville, for defendants-appellants.

## OPINION

LEWIS, Judge.

This is the third appeal of this case which began in the Chancery Court for Davidson County on May 14, 1971, when plaintiff Kenneth B. Schoen filed his complaint against defendant J.C. Bradford & Company, a partnership (hereinafter "the Partnership"), the individual partners, and J.C.

Bradford, Incorporated, a closely held corporation.

On October 2, 1970, plaintiff was expelled from the Partnership at the direction of J.C. Bradford, Sr., who acted pursuant to authority vested in him by the Articles of Co-Partnership which provided that "a majority in interest of the general partners, or J.C. Bradford may require the withdrawal forthwith of one or more of the partners upon twenty-four hours written notice delivered personally or sent by registered mail to such partner or partners." Plaintiff had been associated with the Partnership for approximately twenty-five years.

At the time plaintiff was required to withdraw, he was entitled to a 3.69 percent share of the profits of the Partnership. The Partnership had shown a profit for each of the twenty-five years plaintiff had been associated with it. However, he was advised that on October 2, 1970, the date he ceased to be a member of the Partnership, his interest had a negative net worth of $28,756.54. Plaintiff was offered a settlement of $7,739.82 in February, 1971. This settlement represented his shares in the corporation, J.C. Bradford & Company, Inc., reduced by the alleged negative worth of his partnership interest. Even though the Partnership told plaintiff that as of October 2, 1970, the firm had a negative value, the Partnership's year-end figures showed a profit for 1970 of $774,280 and a net worth of $1,012,000.

On May 14, 1971, plaintiff commenced this suit in the Chancery Court for Davidson County and sought an accounting of the value of his interest in the Partnership, to recover the value of that interest, and the profits attributable to the use of his interest. He also sought to recover the value of his stock in J.C. Bradford & Company, Inc.

On May 8, 1972, the Chancellor heard the case and thereafter issued his Memorandum Opinion in which he held, *inter alia,* that rather than having a negative value as represented by the Partnership, plaintiff's interest in the book value of the Partnership was $37,370.36 as of October 2, 1970;

that plaintiff is entitled to a proportional share in the "going concern value" of the Partnership over and above its book value and this value was to be determined through a reference to a Master; that plaintiff is "entitled to that share of the profits which have been earned by the firm since the date of dissolution;" and that plaintiff is to recover $37,526.36 as the total value of his stock in J.C. Bradford & Company, Inc., with interest from January 1, 1971.

Defendants were granted an interlocutory appeal from the Chancellor's decree. On April 27, 1973, this Court issued its opinion affirming the Chancellor's finding of liability and remanded the case to the Chancery Court for determination of the foregoing issues and prescribed guidelines to be followed by the Master and the Chancellor upon remand. *Schoen v. J.C. Bradford,* (Tenn.App. at Nashville, April 27, 1973.)

Upon remand, the cause was referred to the Special Master who made findings with respect to the issues remanded for determination. These findings were confirmed by the Chancellor and a judgment of $620,-478.46 was entered for plaintiff.

Defendant appealed that judgment and, on June 22, 1982, this Court filed its opinion affirming the Chancellor in all respects and remanded the case to the Chancery Court for any further necessary proceedings. *Schoen v. J.C. Bradford & Co.,* 642 S.W.2d 420 (Tenn.App.1982).

On December 31, 1982, defendants paid plaintiff the amount found to be the "going concern value" of plaintiff's interest on the date of his withdrawal from the Partnership.

In January, 1983, plaintiff made written demand upon the Partnership to pay him $159,449.95 which he alleged was his share of the Partnership's 1981 profits. This amount had been determined from information provided by the Partnership. The Partnership insisted that plaintiff was not entitled to share in any profits for any period after November 9, 1981, the date on

which the Chancellor entered judgment in plaintiff's favor, and refused to pay plaintiff any part of the profits after that date. This demand was settled when an agreed judgment was entered for plaintiff for $136,733.80 and paid by the Partnership. That judgment was arrived at by prorating plaintiff's profits for all of 1981 over the first 313 days of that year, *i.e.*, through November 9, 1981, the date of judgment.

On February 15, 1983, plaintiff filed a motion for partial summary judgment seeking the remaining balance of his share of the 1981 profits, *i.e.*, from November 9, 1981 through December 31, 1981, and prejudgment interest. Thereafter the Chancellor found in plaintiff's favor and stated that his November 9, 1981 judgment had reserved for future determination the amount of profits, earned after January 1, 1981, to which plaintiff was entitled and had clearly specified that plaintiff was entitled to share in profits until the date he actually received payment for the value of his partnership interest. The Chancellor also held that plaintiff was entitled to prejudgment interest on 1981 profits from and after January 1, 1982. Subsequently, a judgment was entered in plaintiff's favor in the amount of $40,924.46 representing the remaining balance of the 1981 profits and pre-judgment interest on the entire 1981 profits from and after January 1, 1982.

On July 5, 1983, a judgment of $140,-509.44 with ten percent (10%) prejudgment interest from January 1, 1983 was entered in plaintiff's favor. This judgment represented that portion to which plaintiff was entitled of the profits from the Partnership for 1982. This amount was based upon financial data furnished by the Partnership.

The defendants have presented three issues in this appeal. The first two are:

1. Whether after obtaining a judgment for $31,451.71, representing the value of his "right in the property of the dissolved partnership" from which he was expelled, plus interest on said amount from date of judgment to date of payment, plaintiff is also entitled to share in the profits of the successor partnership during the appeal period prior to the payment of the judgment pursuant to T.C.A. 61–1–141 (Section 42 of the Uniform Partnership Act)?

2. If Question 1 be answered "yes," whether under T.C.A. 61–1–141 (Section 42 of the Uniform Partnership Act) plaintiff's share of the profits for said period November 9, 1981, through December 31, 1982, should be computed on the basis of his original 3.69% share in the profits and losses of the firm before his expulsion, making a total for said period of $163,-225.44, representing 3.69% of the profits of the firm for that period, after deducting from said profits an amount equivalent to salaries estimated to be those which officers of corporations performing the same duties would have been paid.

Plaintiff insists that these two issues were decided by this Court in its 1973 and 1982 opinions and are not proper issues for review since the Court's prior holdings upon these issues are now "the law of the case."

"[I]f an appellate court has passed on a legal question and remanded the cause for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case." 5 Am. Jur.2d *Appeal and Error* § 744 at 188. Tennessee courts follow this principle. *National Life & Accident Insurance Co. v. Morrison,* 179 Tenn. 29, 162 S.W.2d 501 (1942); *Rogers v. Ware,* 555 S.W.2d 409 (Tenn.App.1977).

The Chancellor, in his "Memorandum" entered in September, 1972, stated: "[T]his matter will be referred to the Clerk and Master with direction to determine the amount of profits earned by the firm from and after October 2, 1970, *to the date of payment,* and to calculate the amount of plaintiff's 3.69% interest therein." (The Chancellor's emphasis)

Following the interlocutory appeal, this Court, speaking through Judge Shriver, stated:

Upon ascertainment of the value of plaintiff's interest on October 2, 1970, plaintiff is entitled to profits attributable to the presence of his interest in the partnership from January 2, 1971, until he is paid or tendered the bona fide value of such share.

. . . .

The value of plaintiff's interest will be first ascertained and paid to him. *Afterward* the profits attributable to such interest will be ascertained from January 2, 1971, (expiration of time allowed for settlement under the Agreement) to the date of payment. (Emphasis in original.)

*Schoen,* 1973 opinion at 23.

The Court also set forth guidelines to be followed upon remand and directed that the Chancellor and Master were to determine:

(a) The "going concern value of plaintiff's interest in the assets of the partnership, as above defined, authorizing the use of the December 31, 1970 balance sheet as a point of beginning to "work back" to October 2, 1970 by suitable adjustments.

(b) The value of plaintiff's interest in J.C. Bradford & Co., Inc., stock, including profits attributable thereto.

(c) The profits made upon plaintiff's part of the assets (excluding profits from personal services) *from January 2, 1971 to date of payment under (a) above.*

*Id.* at 24 (emphasis added). The 1973 opinion established plaintiff's entitlement to receive that share of the profits generated by the value of plaintiff's interest in the Partnership *until he was paid the value of his interest in the Partnership.* The law of the case, *i.e.,* the formula and manner under which plaintiff was to be paid for his Partnership interest was established in prior opinions of this Court and may not be relitigated. *National Life & Accident Insurance Co. v. Morrison,* 179 Tenn. at 41, 162 S.W.2d at 506; *Rogers v. Ware,* 555 S.W.2d at 410.

██ Defendants argue that a "cutoff date" was not at issue in the prior appeals and therefore any reference to a "cutoff date" is mere dictum and that the doctrine of the law of the case does not apply to mere dictum. *See* 5 Am.Jur.2d *Appeal and Error* § 753. We agree with this principle of law. However, it does not apply here. In the prior appeals the issue was the amount to which plaintiff was entitled and how that amount was to be paid. The exact date on which plaintiff would cease to be entitled to a share of the profits of his partnership interest was required to decide that issue. The Court found that date to be the date on which plaintiff was paid for the value of his partnership interest. Plaintiff, under the prior opinions of the Chancellor and of this Court, is entitled to profits to the date of payment and not, as defendants argue, the date of ascertainment of the value of the Partnership share.

Defendants' third issue is: "Whether plaintiff is also entitled to pre-judgment interest at the statutory rate of 10% per annum from and after January 1, 1982, on his share of 1981 profits and from and after January 1, 1983, on his share of 1982 profits?"

██ T.C.A. § 47–14–123 provides that pre-judgment interest may be awarded as an element of damages "in accordance with the principles of equity at any rate not in excess of the maximum effective rate of ten percent (10%) per annum." The trial court has discretion to award pre-judgment interest, *B.F. Myers & Son of Goodlettsville, Inc. v. Evans,* 612 S.W.2d 912 (Tenn. App.1980), and that discretion "will not be disturbed by the appellate courts unless the record discloses a manifest and palpable abuse of discretion." *Engert v. Peerless Insurance Co.,* 53 Tenn.App. 310, 330, 382 S.W.2d 541, 550 (1964).

The essence of defendants' argument is that, while the courts disagreed with defendants' interpretation of plaintiff's entitlement under the partnership agreement, their appeals had been made in good faith and they should not be penalized by awarding plaintiff pre-judgment interest.

██ However, the allowance of pre-judgment interest is not a penalty imposed upon the defendants but is an element of

damages to be allowed "in accordance with the principles of equity." In both the 1973 and 1982 opinions, this Court considered defendants' arguments and defined the rules under which plaintiff's entitlement to profits from the Partnerships were to be determined. The 1982 opinion, authored by Judge Todd, resolved any and all remaining issues concerning how the profits were to be computed. However, despite the definitive nature of the 1982 opinion and the plaintiff's willingness to base the amount of his entitlement on financial information furnished by defendants, defendants refused to voluntarily pay plaintiff his entitlement to the profits for 1981 or 1982.

The Chancellor correctly found that plaintiff was entitled to pre-judgment interest for the profits due him for 1981, beginning on January 1, 1982, and for pre-judgment interest on profits due him for 1982, beginning January 1, 1983.

Each of the issues is without merit and the judgment of the Chancellor is affirmed with costs to defendants. The cause is remanded to the Chancery Court for the enforcement of its judgment and any further necessary proceedings.

TODD, P.J. (M.S.), and ALLEN CORNELIUS, Special Judge, concur.