In re ESTATE OF Susie Porter COOPER, Deceased.

William H. FISHER, III, Administrator C.T.A. of the Estate of Susie Porter Cooper, Deceased, Complainant-Appellee,

v.

Mignon Dunn KLIPPSTATTER, Mary Grey Carlson, Sr., and Christina D. Benson, Defendants-Appellants.

Court of Appeals of Tennessee, Western Section at Jackson.

Jan. 29, 1985.

Application for Permission to Appeal Denied by Supreme Court April 29, 1985.

James E. Conley, Jr., Memphis, for defendants-appellants.

Allan J. Wade, Memphis, for complainant-appellee.

NEARN, Presiding Judge, Western Section.

This is an appeal from a judgment ordering appellant-beneficiaries under a will to reimburse other beneficiaries for the appellants' pro rata share of estate tax and to pay 10% per annum prejudgment interest on the judgment pursuant to T.C.A. § 47–14–123 on the theory of unjust enrichment. Appellants do not appeal the amount of the judgment pertaining to their share of the estate tax, but raise as error the award of pre-judgment interest.

The facts, briefly, are as follows. In 1979, Susie Porter Cooper died leaving certain realty and personalty to the appellants in her will. She also bequeathed personal property to others and left a residuary estate to her only surviving heirs, of whom the only one was a brother, Arthur R. Porter. Her administrator paid a total of $58,470.00 in Tennessee Inheritance Tax and $210,351.16 in United States Estate Tax. These amounts were paid out of the residuary estate and from the proceeds of the sale of certain specifically bequeathed stocks. The appellants failed to contribute to the payment of these taxes, even after demand. In 1981 after the death of the residuary legatee, Arthur R. Porter, his administrator filed a petition to establish apportionment of these estate and inheritance taxes and to require contribution by appellants. At the conclusion of the hearing on the petition, the Judge referred certain issues to a special master. Among those was a determination of whether interest should be charged appellants on their share of the taxes and, if so, a calculation of the amount. In his report, the special master ruled that the appellants should be required to pay their share of the taxes plus 10% annual interest. The appellants filed objections to the special master's report, specifically to the interest award. However, the Trial Judge overruled their objections and confirmed the special master's report.

Appellants contend that the award of prejudgment interest was error because T.C.A. § 47–14–123 is inapplicable to the case. That section provides in part that "Pre-judgment interest, ... *as permitted by the statutory and common laws of the state as of April 1, 1979* may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum...." (Emphasis ours) Appellants contend that neither the statutory nor common laws of Tennessee as of April 1, 1979 provided for the award of prejudgment interest in cases of reimbursement of beneficiaries and that, therefore, the prejudgment interest statute does not apply to the instant case. Long prior to April 1, 1979 it has been the law of this state that prejudgment interest is allowable when based upon equitable principles. Chancellor Gibson observed that "where the debt is for property sold or services rendered or money loaned to the defendant,

*or a just debt paid for him,* and the transaction reasonable, and there are no equities or meritorious defenses, interest is ordinarily allowable." (Emphasis ours) Gibson's Suits in Chancery § 226 (Inman 6th ed. 1982).[1] In any event, 1929 is fifty years prior to 1979 and those principles continued and obtained April 1, 1979, just as well as today. For an example of the application of this Court created law prior to 1979, *see Johnston v. Cincinnati, N.O. & T.P. Railway Co.,* (1922) 146 Tenn. 135, 240 S.W. 429. For a later application of that law, *see Schoen v. J.C. Bradford & Co.,* (1984 Tenn. App.M.S.) 667 S.W.2d 97, 101–02, and *Midland Insurance Co. v. Home Indemnity Co.,* (1981 Tenn.App.W.S. at Nashville) 619 S.W.2d 387.

 The award of prejudgment interest is within the discretion of the Trial Court, *B.F. Myers & Son of Goodlettsville v. Evans,* (1980 Tenn.App.M.S.) 612 S.W. 912, 916, and "that discretion will not be disturbed by the appellate courts unless the record discloses a manifest and palpable abuse of discretion." *Schoen v. J.C. Bradford & Co.,* (1984 Tenn.M.S.) 667 S.W.2d 97, 101 (quoting *Engert v. Peerless Insurance Co.,* (1964 E.S.) 53 Tenn.App. 310, 330, 382 S.W.2d 541, 550). In their brief, the appellants do not attack the Trial

Court's exercise of discretion and, from the record, we find that the Trial Judge did not abuse his discretion in ordering the appellants to pay prejudgment interest. The appellants clearly owed their proportional share of the estate tax and failed to pay it even after demand was made on them for payment. The Porter Estate was deprived of the use of the money which it expended to pay defendants' debts and the defendants enjoyed the income and benefits from property bequeathed to them for over five years without first having paid the debt which could have been enforced by tax lien had it not been paid for them by others. Therefore, defendants clearly were unjustly enriched and the plaintiff is entitled to interest representing such enrichment.

The judgment is affirmed. Costs are assessed against the appellants.

Done at Jackson in the two hundred and ninth year of our Independence and in the one hundred and eighty-ninth year of our Statehood.

TOMLIN and HIGHERS, JJ., concur.

---

1. To this writer's certain knowledge that quotation is found in all editions commencing at least with the 1929 3rd Edition of Gibson's Suits in Chancery through Inman's 6th Edition. Not having in my possession the 1907 or 1916 editions, I cannot speak with absolute certainty as to them.