**DYERSBURG BOARD OF EDUCATION, Plaintiff–Appellee,**

v.

**DYER COUNTY COMMISSION, Judy Patton, Dyer County Trustee, and Dyer County Board of Education, Defendants–Appellants.**

Court of Appeals of Tennessee, Western Section, at Jackson.

May 10, 1989.

Permission to Appeal Denied by Supreme Court Aug. 7, 1989.

Stephen D. Scofield and R.A. Ashley, Jr., Ashley & Ashley, Dyersburg, for plaintiff-appellee.

C. Phillip Bivens, Bivens & Johnston, Dyersburg, for defendants-appellants.

HIGHERS, Judge.

This is an appeal by the Dyer County Commission and Dyer County Board of Education from a summary judgment in favor of the Dyersburg Board of Education (Dyersburg or "City System") awarding Dyersburg $554,702.40 found due under T.C.A. § 49-3-315 (Supp.1988).

Dyer County sold its hospital and used proceeds from the sale to establish the Hospital Proceeds Fund. In June of 1984, Dyer County allotted $500,000 in interest from this fund to education: $150,000 to the Dyersburg City Schools and $350,000 to the Dyer County Schools. In June of 1986, $350,000 was transferred from the fund to the City Schools while $701,743 were transferred to the County Schools. In Tennessee Department of Audit reports for both years in which the transfers were made, auditors informed Dyer County the funds should have been prorated between the City and County school systems in accordance with T.C.A. § 49-3-315. On neither occasion were the prorations made.

In December of 1987, the City School System filed a complaint against the County seeking the proration of the funds in question under the statute. Both parties alleged there was no material dispute of fact and both filed motions for summary judgment. In a memorandum opinion and accompanying order, the trial court ordered that the funds be prorated, and awarded the City Schools $554,702.40 as computed under T.C.A. § 49-3-315(a) (1983) and T.C.A. § 49-3-302(21) (1983). The trial court denied prejudgment interest. Dyer County has appealed the judgment and the City System has appealed the denial of prejudgment interest.

T.C.A. § 49-3-315(a) (Supp.1988) (1983) provides that

[e]ach [Local Education Agency] shall place in one (1) separate school fund all school revenues for current school operation purposes received from the state,

county, and other political subdivisions, if any.... All school funds for current operation and maintenance purposes collected by any county ... shall be apportioned by the county trustee among the [Local Education Agencies] therein on the basis of the [weighted full-time equivalent average daily attendance] maintained by each, during the current school year.

See also T.C.A. § 49-3-302 Definitions (1983). The County asserts that the funds in question are not covered by the phrase "all school funds for current operation and maintenance purposes" because they were not received from the state, raised by local taxation, or derived from appropriate bond issues. Dyer County cites as authority State ex rel. Conger v. Madison County, 581 S.W.2d 632, 639 (Tenn.1979) wherein Justice Henry listed these three sources as being embraced by the statute in question. From this list, Dyer County concludes that the statute covers only traditional tax revenue sources.

Conger dealt with the applicability of the statute to Federal Revenue sharing funds. In Conger, Justice Henry stated that the "apportionment provision for '[a]ll school funds for current operation and maintenance purposes by any county' simply refers to all funds collected or received from the state, county, or other political subdivision." Conger, 581 S.W.2d at 639. Revenue sharing funds were excluded because the source, the federal government, was not a political subdivision, not because they were not from traditional or enumerated sources.

Dyer County also cites Oak Ridge City Schools v. Anderson County, 677 S.W.2d 468 (Tenn.App.1984) where the issue was apportionment of funds paid by TVA in lieu of taxes. As in Conger, the source of the funds in question was the federal government, and the Court citing Conger held that the statute therefore did not apply.

■ The funds in question in this case were in the form of interest received by the county on money invested from the sale of a county asset. We hold that these funds are included in the phrase "school revenues for current school operation purposes received from the ... county ...," and are

therefore governed by T.C.A. § 49–3–315 (1983). The only source excepted by the statute is school transportation tax funds. It is incorrect to say that the courts have created an "exception" for federal funds—those funds have been excluded by the statute, and could not be excepted by judicial construction until they were otherwise included.

■ The trial court's finding that the funds should have been apportioned and the amounts of that apportionment are hereby affirmed. The City School System has requested pre-judgment interest which was expressly denied by the trial court. Pre-judgment interest is within the discretion of the trial court. *Schoen v. J.C. Bradford & Co.*, 667 S.W.2d 97 (Tenn.App. 1984). There is no evidence in the record to indicate that the trial court abused its discretion in denying it.

The order of the trial court is therefore affirmed. Costs are taxed to the appellants.

TOMLIN, P.J. (W.S.), and CRAWFORD, J., concur.