# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION AT JACKSON

_____

|  |  |  |
|---|---|---|
| **WILLIAM P. NEWTON,** | ) | Shelby County Chancery Court |
|  | ) | No. 95025-3 R.D. |
| Plaintiff/Appellant. | ) |  |
|  | ) |  |
| VS. | ) | C. A. NO. 02A01-9604-CH-00086 |
|  | ) |  |
| **JAMES S. COX,** | ) |  |
|  | ) |  |
| Defendant/Appellee. | ) |  |
|  | ) |  |

_____

From the Chancery Court of Shelby County at Memphis.
**Honorable Joe C. Morris, Sp. Chancellor**

**FILED**

**April 7, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**James F. Schaeffer, Jr.**, Memphis, Tennessee
Attorney for Plaintiff/Appellant.


**Russell Fowler**, Memphis, Tennessee
Attorney for Defendant/Appellee.


OPINION FILED:

**AFFIRMED AS MODIFIED AND REMANDED**


**FARMER, J.**


**CRAWFORD, P.J., W.S.** : (Concurs)
**LILLARD, J.** : (Concurs)

Plaintiff William P. Newton appeals the trial court's order awarding him a $28,125 judgment against his former attorney, Defendant/Appellee James S. Cox, but denying Newton's claim for prejudgment interest. Newton's claim arose out of Cox's retention of a contingency fee in excess of the maximum permitted by statute. We affirm the judgment entered in favor of Newton, but with certain modifications hereinafter set forth.

Cox previously represented Newton and Newton's former wife in a medical malpractice action. In the complaint filed by Cox, Newton sought $3 million in damages for his injuries, and Newton's wife sought $1 million for her loss of consortium. The malpractice action subsequently settled in June 1985 for $225,000. Per the parties' fee contract, Cox retained one-half of the settlement proceeds, or $112,500, and the Newtons received $112,500.

Shortly after the settlement, Newton and his wife were divorced. In the final divorce decree, Newton was awarded the $112,500 in settlement proceeds as his separate property, with the exception of $15,000 which the divorce court awarded to the wife as compensation for her loss of consortium. During the divorce proceedings, Newton learned that the fee contract's provision giving Cox a fifty percent (50%) contingency fee violated Tennessee Code Annotated Sec. 29-26-120 (1980),[1] which limited contingency fees in medical malpractice cases to one-third, or 33ẟ%. Consequently, Newton brought the present action to recover the $37,500 in excess fees retained by Cox.

Initially, the trial court ruled that section 29-26-120 was unconstitutional on various grounds and, thus, refused to invalidate the fee contract. This Court affirmed, citing alternate grounds and finding it unnecessary to address Cox's constitutional challenges to the statute. *Newton v. Cox*, No. 02A01-9202-CH-00041, 1992 WL 220189 (Tenn. App. Sept. 14, 1992).

---

[1] **Attorneys' fees**. -- Compensation for reasonable attorneys' fees in the event an employment contract exists between the claimant and his attorney on a contingent fee arrangement shall be awarded to the claimant's attorney in a malpractice action in an amount to be determined by the court on the basis of time and effort devoted to the litigation by the claimant's attorney, complexity of the claim and other pertinent matters in connection therewith, not to exceed thirty-three and one third percent (33 1/3%) of all damages awarded to the claimant.

On appeal, however, the Supreme Court of Tennessee reversed this Court's decision. Upholding the constitutionality of section 29-26-120, the court held that the fee contract providing for a 50% contingency fee was voidable as against public policy. *Newton v. Cox*, 878 S.W.2d 105 (Tenn.), *cert. denied*, 115 S. Ct. 189 (1994).

On remand from the Supreme Court's decision, the trial court awarded Newton a judgment for the excess fee retained by Cox. Instead of awarding Newton the full $37,500, however, the trial court reduced Newton's recovery by one-fourth, to $28,125, based on Cox's argument that one-fourth of the excess fee rightfully belonged to Newton's former wife, who was also a party to the fee contract. The trial court denied Newton's request for prejudgment interest, and this appeal followed.

On appeal, Newton contends that the trial court erred in reducing the judgment to $28,125 and, further, in denying Newton's claim for prejudgment interest. We agree that the trial court erred in permitting Cox to retain one-fourth of the $37,500 excess contingency fee based on the court's ruling that this share represented the interest of Newton's former wife. The Supreme Court's decision in *Newton v. Cox*, 878 S.W.2d 105 (Tenn.), *cert. denied*, 115 S. Ct. 189 (1994), confirmed that Newton had the right to void the fee contract entered into by the parties. *Id*. at 112. Where a party to a contract elects to treat the contract as voidable, the party still may seek recovery under equitable principles, such as the equitable remedy of rescission or the quasi-contractual theory of unjust enrichment. *Vance v. Schulder*, 547 S.W.2d 927, 931 (Tenn. 1977); *see also SKS Communications, Inc. v. Globe Communications, Inc.*, No. 03A01-9405-CH-00176, 1994 WL 589576, at *5 (Tenn. App. Oct. 21, 1994).

Under the doctrine of unjust enrichment, "liability can be created where one person receives a benefit at the expense of another and it is unjust or inequitable for him to retain this benefit." *Jaffe v. Bolton*, 817 S.W.2d 19, 26 (Tenn. App. 1991). We conclude that, regardless of any speculative interest that Newton's former spouse may have had in the settlement proceeds, it would be inequitable to permit Cox to retain the benefit of the fee which he collected in excess of the statutory maximum. Accordingly, we agree with Newton that he was entitled to the full $37,500 in excess fees sought, and we modify the judgment accordingly.

Cox insists that Newton's former wife never elected to void the contract as to her and, thus, that Cox should be permitted to retain the wife's portion of the fee. We note, however, that in the divorce proceedings, Newton was awarded all but a small portion of the settlement proceeds as his separate property. *Newton v. Cox*, 1992 WL 220189, at *2. At this juncture, therefore, it is questionable whether Newton's former wife has any remaining interest in the settlement proceeds. Moreover, we believe the critical question in this case to be who, as between Cox and Newton, should be entitled to the excess fee. Viewing the matter in this light, we remain convinced that equity requires awarding the funds to Newton.

We decline, however, to disturb the trial court's ruling denying Newton's claim for prejudgment interest. The award of prejudgment interest is within the trial court's discretion. *In re Estate of Cooper*, 689 S.W.2d 870, 872 (Tenn. App. 1985). Where the amount of the defendant's obligation is certain and not disputed on reasonable grounds, the trial court "may allow prejudgment interest in accordance with principles of equity." *Mitchell v. Mitchell*, 876 S.W.2d 830, 832 (Tenn. 1994).

Although the amount of Cox's obligation, *i.e.*, the excess contingency fee retained, was always certain in this case, we cannot conclude that Cox's dispute of this obligation was unreasonable. Two courts, including the trial court and this Court, initially ruled in favor of Cox when he disputed his legal obligation to pay the excess fee to Newton. Accordingly, the trial court on remand did not abuse its discretion in denying Newton's request for prejudgment interest.

Nevertheless, inasmuch as a decision of the appellate court reversing the trial court's judgment is given retroactive effect to the date of the original judgment,[2] we conclude that Newton is entitled to post-judgment interest at the statutory rate from the date of the original judgment entered in this case. *See Gotten v. Gotten*, 748 S.W.2d 430, 431 (Tenn. App. 1987); *Ace Indus. v. Mastercraft Boat Co.*, No. 02A01-9311-CH-00249, 1995 WL 256758, at *5 (Tenn. App. May 3, 1995), *perm. app. dismissed* (Tenn. Oct. 2, 1995); T.C.A. §§ 47-14-121, -122 (1988); T.R.A.P. 41.

---

[2]The rationale for this rule is that an appellate court decision reversing the trial court's judgment merely "is doing what should have been done in the first instance." *Gotten v. Gotten*, 748 S.W.2d 430, 431 (Tenn. App. 1987).

As modified, the trial court's judgment is affirmed. This cause is remanded for the entry of a judgment consistent with this opinion, said judgment to include post-judgment interest as mandated by statute. Costs of this appeal are taxed to Appellee Cox, for which execution may issue if necessary.

_____

FARMER, J.

_____

CRAWFORD, P.J., W.S. (Concurs)

_____

LILLARD, J. (Concurs)