**Linda S. MITCHELL, Plaintiff–Appellant,**

v.

**Kenneth H. MITCHELL, Defendant–Appellee.**

Supreme Court of Tennessee, at Nashville.

April 25, 1994.

courts of Tennessee. Evidence which is not rele-

vant is not admissible." (Emphasis added.)

F. Dulin Kelly, Hendersonville, for plaintiff-appellant.

M. Milton Sweeney, Nashville, for defendant-appellee.

## OPINION

REID, Chief Justice.

This case presents for review the trial court's award of prejudgment interest on $96,948, the balance owed the former wife by the former husband under a disputed property settlement agreement, which had been incorporated into the divorce decree and found by the trial court to be enforceable. The Court of Appeals concurred with the trial court's factual findings but held that an award of prejudgment interest was precluded by the petitioner's failure to plead prejudg-

ment interest as special damages under Rule 9.07 of the Tennessee Rules of Civil Procedure. This Court concludes that the award was authorized under the prayer for general relief.

The Court has not been referred to any reported decision on this issue, consequently, it will be considered one of first impression.

Prejudgment interest, authorized by T.C.A. § 47–14–123 (1988), includes "interest as an element of, or in the nature of, damages." The statute provides, in pertinent part:

> Pre-judgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum. . . .

This definition recognizes that an award of prejudgment interest may be the main relief sought, i.e. "in the nature of damages," or relief incidental to recovery, i.e. "as an element of damages." The difference has been described as "interest as such" and "interest as damages." 1 Dan B. Dobbs, *Law of Remedies*, § 3.61, p. 335 (2d ed.1993).

Prejudgment interest must be plead specifically if it is an "item of special damage." Rule 9.07 provides:

> **Special Damage.**—When items of special damage are claimed, they shall be specifically stated.

In *Lance Prod. v. Commerce Union Bank*, 764 S.W.2d 207, 213 (Tenn.Ct.App.1988), the Court of Appeals stated the characteristics of special damages:

> Where damages, though the natural results of the act complained of, are not the necessary result of it, they are termed "special damages" which the law does not imply and which must be alleged in order that evidence on the subject may be admissible. *Lasater Lumber Co. v. Harding*, 28 Tenn.App. 296, 189 S.W.2d 583 (1945).

Some insight into the practical distinction between special and general damages can be found in *Deas v. Deas*, 774 S.W.2d 167 (Tenn.

1989). In that case, the Court considered whether attorney's fees in a domestic relations case were special damages required to be pled specially. The former wife filed a petition seeking modification of the custody and support provisions of an agreement which had been made a part of the court's judgment. After the matter had been heard by the trial court, but before an order had been entered, the former wife filed a motion seeking the allowance of attorney's fees for her attorney. The former husband resisted the motion on the same ground asserted in the case before the Court, that attorney's fees could not be allowed on a prayer for general relief. This Court reversed the decree of the Court of Appeals, and held:

> We do not consider counsel fees to be "special damages" within the purview of Rule 9.07 of the Tennessee Rules of Civil Procedure in cases covered by [T.C.A. § 36–5–103(c) ].

*Id.* at 169. In language appropriate to the present case, the Court stated:

> If the trial judge deems that fees are inappropriate or that the awarding of them would be inequitable or unnecessary, the court may decree accordingly. There is no absolute right to such fees, but their award in custody and support proceedings is familiar and almost commonplace.

*Id.* at 170. The Court held that a prayer for general relief is ordinarily sufficient to authorize the award of attorney's fees under T.C.A. § 36–5–103(c).

The allowance of prejudgment interest, like attorney's fees, is discretionary with the trial court, *Uhlhorn v. Keltner,* 723 S.W.2d 131, 138 (Tenn.Ct.App.1987), but, "[t]he general rule is to allow interest in all cases where the amount of the debt is certain and not disputed on reasonable grounds." *Textile Workers Union v. Brookside Mills, Inc.,* 205 Tenn. 394, 402, 326 S.W.2d 671, 675 (1959). For example, in *Schoen v. J.C. Bradford & Co.,* 667 S.W.2d 97 (Tenn.Ct.App. 1984), the Court of Appeals affirmed the allowance of prejudgment interest on the amount due plaintiff for a share of certain business profits which the defendant had refused to pay. The court held that prejudgment interest was "an element of damages." *Id.* at 101–2.

Loss of use of funds due is the necessary result of the failure to pay an obligation according to its terms. The usual means of compensating for this necessary result is the allowance of interest. Interest recovered in order to make the obligee whole is the relief usually sought, and the allowance of prejudgment interest under such circumstances is "familiar and almost commonplace." *See Deas v. Deas,* 774 S.W.2d at 170. Consequently, the recovery of prejudgment interest under such circumstances does not require that the plaintiff plead specially.

Where, as in this case, the amount of the obligation is certain, or can be ascertained by a proper accounting, and the obligation is not disputed on reasonable grounds, the Court may allow prejudgment interest in accordance with principles of equity. *See Uhlhorn v. Keltner,* 723 S.W.2d at 138; *Textile Workers Union v. Brookside Mills, Inc.,* 326 S.W.2d at 675.

Accordingly, the judgment of the Court of Appeals is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Costs are taxed to the appellee.

DROWOTA, O'BRIEN and ANDERSON, JJ., concur.

DAUGHTREY, J., not participating.