**William SMITH, Plaintiff–Appellee,**

v.

**Mitchell BEARFIELD, Defendant–Appellant.**

Court of Appeals of Tennessee, Eastern Section.

March 21, 1997.

Permission to Appeal Denied by Supreme Court Sept. 2, 1997.

---

James A. Nidiffer, Johnson City, for Plaintiff–Appellee.

Michael A. Eastridge, Johnson City, for Defendant–Appellant.

***OPINION***

FRANKS, Judge.

This dispute arose over the sale of a tractor. The Trial Judge determined the tractor was defective at the time of the sale, but had

been warranted otherwise, and he entered judgment for damages for the purchaser for $6,421.47.

The seller has appealed, insisting that seller expressed no warranties at the time of sale within the meaning of Tennessee Code Annotated § 47–2–313. The Section as pertinent here provides:

**Express warranties by affirmation, promise, description, sample.**—(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

. . . . .

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

■ Defendant insists that his statement that the tractor was in good shape did not create an express warranty. We cannot agree when his representations are considered in the context of the bargain. The purchaser testified that he talked to the seller about the tractor, told the seller what they were going to do with the tractor, and the seller represented that it would basically do "what we were going to do with it". The purchaser asked if there was anything wrong with the tractor, and the seller told him that the water pump was "leaking a little bit" but he had fixed the water pump that day. The seller was asked about the hydraulics, and he represented that "they worked good". The seller represented that the tractor was in good shape and that he had used it for purposes similar to their intended use. The purchaser testified that he relied on these

representations and purchased the tractor. He further testified that when they first used the tractor it was leaking and overheating, and when the engine was dismantled it was determined that "the whole thing has cracked plumb through, pistons and all". The seller was invited to examine the tractor, which he declined, and the repairs were made costing in excess of $6,000.00.

The Trial Judge assessed the credibility of the witnesses, and based his decision on the testimony of the purchasers.

■ Under the totality of the circumstances, we conclude the seller warranted the tractor for its intended use, and that the purchaser relied upon these representations, making them a part of the basis for the sale. *See Cooper Paintings & Coatings, Inc., v. SCM Corporation,* 62 Tenn.App. 13, 457 S.W.2d 864 (1970).

The evidence establishes the tractor did not conform to the representations made by the seller at the time of the sale, and under the circumstances, the seller was given timely notice of this breach.

Finally, the evidence does not preponderate against the Trial Judge's award of damages,[1] and we conclude that the plaintiff's insistence for pre-judgment interest is misplaced. The evidence does not establish a basis for such award. *See Mitchell v. Mitchell,* 876 S.W.2d 830, (Tenn.1994).

The judgment of the Trial Court is affirmed, and the cause remanded at Appellant's cost.

GODDARD, P.J., and WILLIAM H. INMAN, Senior Judge, concur.

---

1. Plaintiff argues that he should have the difference in the "before and after value" placed on the tractor by him. The evidence established the

repairs restored the tractor to good condition for the use intended.