# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

September 1, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

SOUTHWEST PROGRESSIVE )
ENTERPRISES, INC., )
)
    Plaintiff/Appellee, )
) Appeal No.
) 01-A-01-9810-CH-00542
VS. )
) Rutherford Chancery
) No. 97CV-534
SHRI-HARI HOSPITALITY, LLC, and )
TRANS FINANCIAL BANK OF )
TENNESSEE, N.A., )
)
    Defendant/Appellant. )

APPEALED FROM THE CHANCERY COURT OF RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

THE HONORABLE ROBERT E. CORLEW, III, CHANCELLOR

THOMAS D. FROST
815 South Church Street
Murfreesboro, Tennessee 37130
    Attorney for Plaintiff/Appellee

JAMES C. BRADSHAW, III
1500 Nashville City Center
511 Union Street
Nashville, Tennessee 37219
    Attorney for Defendant/Appellant

AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

A construction company sued a hotelkeeper for payment of the balance due on their contract. The trial court ordered the hotelkeeper to pay the balance, as well as pre-judgment interest and attorney fees. We affirm the award of pre-judgment interest, but we reverse the award of attorney fees. We also reverse a $500 offset the trial court granted to the defendant for the plaintiff's alleged failure to complete a punch list.

## I.

Defendant Shri-Hari Hospitality (Shri-Hari), was the owner and developer of the Wingate Hotel in Murfreesboro. On December 10, 1996 the defendant contracted with a construction company from Texas, Southwest Progressive Enterprises (Southwest), to have Southwest spray a textured plastic finishing material called Plexture to the walls in 85 rooms of the new hotel. The total contract price was $39,154. The contract provided that Shri-Hari would make a $15,675 down payment on the contract price upon delivery of the construction materials, with the balance of $23,479 payable upon completion of the work. The contract also provided that payments due and unpaid under the contract would accrue interest at the rate of 10% per year.

Southwest sent a crew of its employees from Dallas, Texas to do the work. They were informed that the rooms were not yet ready. After 10 unproductive days, the crew was able to begin work. At some point, the defendant signed a written authorization for additional work that added $2,465 to the contract price. Southwest's employees completed the work in about two weeks, and the contractor submitted a bill for the balance. When payment was not forthcoming, it filed a notice of

contractor's lien on February 4, 1997, followed by a complaint on August 16, 1997, which asked the court to award it the contract amount and pre-judgment interest, as well as $10,000 for lost profits due to the delay in beginning the work.

Shri-Hari subsequently filed an answer and counterclaim, in which it charged Southwest with shoddy workmanship. It claimed that Southwest's employees had damaged vanities, air conditioner covers, and other hotel property, and most importantly, that they had negligently painted over sprinkler heads, causing a delay in the opening of the hotel and a loss of revenue and profits. Shri-Hari alleged that its damages amounted to $50,000.

The evidence at trial in regard to the construction contract was fairly straightforward, but the defendant's counterclaim was hotly disputed. While there was no doubt that Shri-Hari's property had been damaged, there was conflicting testimony as to cause. The defendant insisted that the damage to the sprinkler heads was caused by the plaintiff's careless application of Plexture. The plaintiff presented the testimony of several individuals to refute this theory, including a young man who had been hired by the defendant to spray primer on the walls before Southwest's employees appeared on the scene, and who stated that he did not take any steps to protect the sprinkler heads from the spray.

The trial court found that the defendant had not proven its counterclaim on the matter of the sprinklers by the preponderance of the evidence, but that it had established the right to offset the judgment for Southwest by $1,726 because of damage to vanities, and by another $500 for Southwest's failure to complete a punch list. Plaintiff Southwest was awarded its contract balance minus the offsets, as well as pre-judgment interest of $4,107, and attorney fees of $5,510. Defendant Shri-Hari appealed to this court solely on the issues of pre-judgment interest and attorney fees.

## II.  Pre-Judgment Interest

It has long been the law in Tennessee that courts may award pre-judgment interest in accordance with the principles of equity.  *Fisher v. Klippstatter*, 689 S.W.2d 870 (Tenn. App. 1985).  Tenn. Code Ann. § 47-14-123 [Acts 1979, ch. 203, § 22].  Such an award is within the sound discretion of the trial court, and should not be reversed in the absence of a manifest and palpable abuse of that discretion.  *Spencer v. A-1 Crane Service, Inc.*, 880 S.W.2d 938, 944 (Tenn. 1994).

Shri-Hari contends that the trial court erred in awarding pre-judgment interest to Southwest, because the obligation to pay such interest never arose under the parties' contract.  The appellant notes that the contract called for payment of the balance due upon completion of the work, with interest to accrue upon the unpaid balance at a rate of 10% per year.  The appellant argues that Southwest never completed the work, and thus that the balance never became due.  The appellant also argues that the trial court ruled inconsistently on this matter, because its award to Shri-Hari of an offset for Southwest's failure to complete a punch list amounts to a finding that Southwest did not, in fact, complete the job.  We will deal with the question of the punch list later in this opinion.

The appellant's argument does not address the equitable purpose of awarding pre-judgment interest, which is "to fully compensate a plaintiff for the loss of use of the funds to which he or she was legally entitled."  *Mitchell v. Mitchell*, 876 S.W.2d 830, 832 (Tenn. 1994).  The hotelkeeper presented no evidence that Southwest failed to substantially perform the work it contracted to do.  We know of no theory that would have enabled Shri-Hari to avoid any payment whatsoever under the contract simply because it did not feel that the work had been completed to its satisfaction. Thus, Southwest was entitled to payment, and it would be inequitable to

reward Shri-Hari for its refusal to pay by allowing it to retain the use of money it owed during the course of legal proceedings, while denying that use to Southwest.

To bolster an otherwise weak argument, appellant cites the *Mitchell* case, supra, as standing for the proposition that when an obligation is disputed on reasonable grounds, it is not appropriate to award pre-judgment interest. The court actually said in that case "[w]here, as in this case, the amount of the obligation is certain, or can be ascertained by a proper accounting, and the obligation is not disputed on reasonable grounds, the Court may allow prejudgment interest in accordance with the principles of equity." 876 S.W.2d at 832.

In the case of *Myint v. Allstate Insurance*, 970 S.W.2d 920 (1998), our Supreme Court discussed the factors a trial court ought to consider in awarding pre-judgment interest. In that case, the trial court granted pre-judgment interest to the plaintiffs, and the appellant challenged that award because of uncertainty as to the amount that was due, and the argument that it had a reasonable basis upon which to dispute liability. The court rejected that argument, and stated that equity was the foremost principle to follow when awarding pre-judgment interest. In regard to the criteria mentioned in *Mitchell v. Mitchell*, supra, the court said,

> We note that these criteria, if strictly construed, could prohibit the recovery of prejudgment interest in the vast majority of cases. Indeed, only a liquidated claim, for which prejudgment interest is already recoverable as a matter of right under Tenn. Code Ann. § 47-14-109, can truly be considered an obligation of certain and indisputable amount. Further, it is safe to say that, at trial, defendants usually can articulate at least one good reason for disputing the existence of the obligation, for were it otherwise, defendants would rarely survive summary judgment. Finally, the focus on whether the defendant had a reasonable defense ignores the principle that prejudgment interest is not a penalty imposed on the defendant for indefensible conduct.

We believe that it would be inequitable to deny Southwest the use of the money it was entitled to receive under the parties' contract, simply because the

defendant was able to articulate a possible defense to payment. We therefore find that the trial court did not abuse its discretion in awarding prejudgment interest.

### III. Attorney Fees

Tennessee courts adhere to the so-called "American rule," which provides that attorney's fees may not be awarded to the prevailing party in the absence of some kind of statutory authorization, or of an agreement between the parties providing for such fees. *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528 (Tenn. 1998). In the present case, there is no provision for attorney fees in the contract between the parties. However, the trial court awarded attorney fees to Southwest in accordance with the provisions of another document introduced into evidence during the trial of the case.

The document was a credit application that Southwest had submitted to the defendant, and which was signed by the owner of Shri-Hari on November 22, 1996, prior to the execution of the construction contract. James Reed, Southwest's owner, testified that his company would not enter into a construction contract that required it to extend its services to a property owner unless the owner established his credit-worthiness through the credit application, which included spaces for bank and trade references. In exceedingly small print at the bottom of the credit application was language providing for finance charges of 1½% per month on past due charges, and for attorney fees and collection costs incurred in the collection of any such debt. The trial court reasoned that the pre-judgment interest provision in the construction contract superseded the one in the credit application, but that since the construction contract was silent on the question of attorney fees, the credit application expressed the parties' intention on that matter.

The appellant argues that the trial court erred, because its ruling contradicts the general rule of merger, which is that the last written agreement between the parties supersedes all former agreements that involve the same subject matter. In such a case, the earlier agreement is held to have become "merged" in the more recent one, and is itself extinguished. Appellant contends that the credit application was merged into the construction contract, which then became "the only contract between the parties." *American Fruit Growers v. Hawkinson*, 106 S.W.2d 564 (Tenn. 1937).

The appellee contends that the trial court did not err, arguing that the credit application did not involve the same subject matter as the construction contract, and thus that the two contracts did not merge. It appears to us, however, that while the purpose of the two contracts may have been different, the subject matter of the first is encompassed by the second.

The construction contract is a comprehensive document that includes detailed provisions as to the work to be done, the price to be paid, and the conditions of payment. One section includes a space for the listing of other documents to be incorporated by reference into the contract. The credit application is not listed in that section, or mentioned anywhere else in the construction contract. We must therefore conclude that the construction contract expresses the final agreement of the parties, and that any provisions in the credit application that vary from it were extinguished through the operation of merger. The award of attorney fees is reversed.

### IV. The Punch List

Mr. Reed testified at trial that he contacted the owner of Shri-Hari four or five times by phone and fax in an attempt to get a punch list of items to complete the job, and that he ordered his employees to return to Texas because his calls were

never returned. Vince Hari, Shri-Hari's owner, denied that he had ever been asked for a punch list, and claimed that Southwest's employees just disappeared one day without notice. The trial court noted that there was no proof that a punch list had ever been prepared, or of the values of any items which might have been placed on such a list.

Nonetheless, the chancellor observed that a punch list is a normal component of any construction job, and stated

> "Given the circumstances I had adopted an at least somewhat arbitrary figure for those punch list items. And it may be too high, and it may be too low. Which it is may depend on which party and which counsel discusses the issue after the case is concluded.

> "I have admittedly, somewhat arbitrarily, assigned a dollar amount of $500 to those punch list items and I've reduced the figure then, as suggested earlier, by that dollar amount."

It appears to us that any award, even if only an offset, must be based upon some proof of damages. In this case, if no punch list was available, the burden rested on the counter-claimant to produce evidence as to what work Southwest was obligated to do which it left unfinished, and of the cost of finishing the work by other means. Our standard of review is governed by Tenn.R.App.P. 13(d) which accords a presumption of correctness to findings of fact by the trial court in civil actions, unless the preponderance of the evidence is otherwise. In this case, there was no material evidence whatsoever to support the trial court's judgment, and therefore the presumption must fail.

## V.

The award of attorney fees and of the $500 offset is reversed. In all other respects, the judgment of the trial court is affirmed. Remand this cause to the

Chancery Court of Rutherford County for further proceedings consistent with this opinion. Tax the costs on appeal equally between the appellant and the appellee.

- 9 -

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

SOUTHWEST PROGRESSIVE )
ENTERPRISES, INC., )
         )
    Plaintiff/Appellee, )
         )     Appeal No.
         )     01-A-01-9810-CH-00542
VS. )
         )     Rutherford Chancery
         )     No. 97CV-534
SHRI-HARI HOSPITALITY, LLC, and )
TRANS FINANCIAL BANK OF )     Affirmed in Part;
TENNESSEE, N.A., )     Reversed in Part;
         )     and Remanded
    Defendant/Appellant. )

## J U D G M E N T

      This cause came on to be heard upon the record on appeal from the Chancery Court of Rutherford County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that the award for attorney fees and the $500 offset for failure to complete a punch list should be reversed. In all other respects the decree is affirmed.

      In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the decree is affirmed in part and reversed in part. The cause is remanded to the Chancery Court of Rutherford County for further proceedings consistent with this opinion and for the collection of the costs accrued below.

      Costs of this appeal are taxed equally against Southwest Progressive Enterprises, Inc. and Shri-Hari Hospitality, LLC, for which execution may issue if necessary.


_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE