IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 27, 2005 Session

## JOHN WILLIAM THOMAS v. NORMA E. PINO-RUTKOWSKI

**Appeal from the Circuit Court for Anderson County**
**No. A2LA0299     James B. Scott, Jr., Judge**

_____

**No. E2004-01324-COA-R3-CV - FILED MARCH 29, 2005**

_____

This is an appeal from a jury verdict in favor of John William Thomas ("Plaintiff") in the amount of $190,095, of which $53,295 was for relocation expenses and increased rent. Plaintiff was injured when he was struck by a vehicle driven by Norma E. Pino-Rutkowski ("Defendant") while Defendant was backing out of a parking space. Due to his poor eyesight, Plaintiff does not have a driver's license and has to walk to work. Plaintiff claimed he was required to move much closer to work because he could no longer walk as far as he could before being injured. Plaintiff sought as part of his damages his relocation expenses and the $300 in his increased monthly rent. Defendant claims on appeal that Plaintiff was required to specifically plead these damages and because he failed to do so, that portion of the jury's verdict cannot stand. Defendant also claims the Trial Court erred when it allowed Plaintiff's granddaughter to testify and when it told the jury that "although the law in Tennessee may require insurance, you are not to consider the presence of insurance in this case." We agree with Defendant, and we vacate the judgment in its entirety and remand for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Circuit Court Vacated; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and SHARON G. LEE, JJ., joined.

Broderick L. Young, Knoxville, Tennessee, for the Appellant Norma E. Pino-Rutkowski.

Dail R. Cantrell, Clinton, Tennessee, for the Appellee John William Thomas.

# OPINION

## Background

This is an appeal from a jury verdict in a personal injury case. The facts pertinent to this appeal are straightforward. Plaintiff was 72 years old at the time of trial. Because Plaintiff's vision is poor, he is considered legally blind and does not have a driver's license. Plaintiff lives in Anderson County and works for a cleaning service. Plaintiff's duties include, *inter alia*, picking up trash in a parking lot where a Goodwill and Big Lots are located. Plaintiff uses an orange shopping "buggy" to place the trash into while performing this job. Plaintiff walks to work because he has no driver's license, and his wife is unable to drive.

According to Plaintiff, on August 4, 2001, he had finished picking up trash in the parking lot when he was met by his wife, granddaughter, and newborn great-grandson. Plaintiff took his great-grandson into the Goodwill store to "show him off" and then returned to the parking lot. Plaintiff assisted his granddaughter, Clarissa Woods, with buckling the infant into a car seat. Plaintiff normally stored the shopping buggy he used to pick up trash behind the Big Lots store. Plaintiff was in the process of returning the shopping buggy to where he kept it stored when he was struck by the vehicle driven by Defendant while Defendant was backing her vehicle out of a parking space.

Plaintiff's primary injury resulting from the accident was torn cartilage in his right knee. Plaintiff was treated by Dr. Cletus J. McMahon, Jr., who eventually performed arthroscopic surgery in October of 2002. Plaintiff claimed at trial to have incurred approximately $17,000 in medical bills causally related to the injuries he received from being struck by Defendant's vehicle.

The case was tried to a jury in November of 2003. During *voir dire*, one of the jurors inquired whether Defendant would be personally liable for any judgment rendered in Plaintiff's favor, or whether any such judgment would be paid by insurance. The Trial Court responded to this inquiry by instructing the jury that whether Defendant had insurance was irrelevant to the case. However, the Trial Court then added that "although the law in Tennessee may require insurance, you are not to consider the presence of insurance in this case."

Plaintiff's counsel informed the jury during opening statements that Plaintiff could no longer walk as far as he could prior to the accident, thereby forcing Plaintiff to relocate closer to his work so he still would be able to walk to work. Plaintiff moved from a trailer to an apartment located closer to his work at an increased cost of $300 per month. Plaintiff's counsel informed the jury that Plaintiff was seeking compensation for his relocation expenses and increased rent. Defendant objected to Plaintiff's seeking these particular damages because they had not been specifically pled in the complaint. The Trial Court overruled Defendant's objection.

Plaintiff's granddaughter, Clarissa Woods ("Woods"), was called by Plaintiff in rebuttal. Defendant objected to Woods being allowed to testify because she had not been disclosed

previously as a witness with knowledge of discoverable information. Defendant argued that Woods' identity had been disclosed neither in Plaintiff's responses to interrogatories nor on Plaintiff's witness list. In response, Plaintiff argued that Woods was a rebuttal witness and therefore her identity did not have to be disclosed. The Trial Court overruled Defendant's objection and Woods was allowed to testify. However, The Trial Court permitted defense counsel to interview Woods for ten minutes prior to her testimony.

The jury found in favor of Plaintiff and awarded the following:

- Damages for past pain and suffering:     $75,000

- Damages for future pain and suffering:     $25,000

- Medical treatment proximately caused
by the accident:     $17,000

- Past loss of enjoyment of life:     $27,000

- Moving and relocation expenses:     $56,100

The jury did not award Plaintiff any damages for permanent physical impairment or future loss of enjoyment of life. The total verdict was $200,100, but the jury also found that Plaintiff's comparative fault was 5%, thereby reducing the judgment to $190,095. The Trial Court entered a judgment approving the jury's verdict in all respects. Defendant filed her Motion for New Trial and/or Remittur, and the Trial Court denied this motion.

Defendant appeals raising four issues. First, Defendant claims the Trial Court erred in overruling her objection and allowing Plaintiff to seek damages for his relocation expenses and increased rent when these damages were not specifically pled in the complaint. Defendant's second issue is a claim that the Trial Court's comments to the jury during *voir dire* had the effect of informing the jurors that Defendant was insured. Third, Defendant argues that the Trial Court erred in allowing Woods to testify. Defendant's final issue is that the jury's award was excessive.

## Discussion

Our review of legal issues is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). The jury's verdict can be set aside only if there is no material evidence to support it. Tenn. R. App. P. 13(d); *Forrester v. Stockstill*, 869 S.W.2d 328, 329 (Tenn. 1994). A verdict cannot, however, be based upon a "mere spark, glimmer, or scintilla of evidence." *See Stooksbury v. American Nat. Prop. and Cas. Co.,* 126 S.W.3d 505, 519 (Tenn. Ct. App. 2003).

Defendant's first issue is whether Plaintiff was required to plead specifically that he was seeking damages related to his moving expenses and increased rent. Tenn. R. Civ. P. 9.07 provides that "[w]hen items of special damage are claimed, they shall be specifically stated." In *Mitchell v. Mitchell*, 876 S.W.2d 830 (Tenn. 1994), the Tennessee Supreme Court quoted with approval the following:

> Where damages, though the natural results of the act complained of, are not the necessary result of it, they are termed "special damages" which the law does not imply and which must be alleged in order that evidence on the subject may be admissible. *Lasater Lumber Co. v. Harding*, 28 Tenn. App. 296, 189 S.W.2d 583 (1945).

*Mitchell*, 876 S.W.2d at 831 (quoting *Lance Productions, Inc. v. Commerce Union Bank*, 764 S.W.2d 207, 213 (Tenn. Ct. App. 1988)).

Many of the cases discussing when damages must be specifically pled involve claims for attorney fees or prejudgment interest. *See e.g.*, *Hardcastle v. Harris*, No. M2002-01087-COA-R3-CV, 2004 Tenn. App. LEXIS 827 (Tenn. Ct. App. Dec. 8, 2004), *appl. perm. appeal pending* (attorney's fees); *Story v. Lanier*, No. W2003-02194-COA-R3-CV, 2004 Tenn. App. LEXIS 761 (Tenn. Ct. App. Nov. 17, 2004), *appl. perm. appeal pending* (prejudgment interest); *Mitchell*, 876 S.W.2d 830 (Tenn. 1994)(prejudgment interest). In *Hardcastle*, this Court noted that:

> The fundamental purpose of the pleading requirement in Tenn. R. Civ. P. 9.07 is notice. *Keisling v. Keisling*, 92 S.W.3d 374, 377 (Tenn. 2002); *Castelli v. Lien*, 910 S.W.2d 420, 429 (Tenn. Ct. App. 1995). Because claims for attorney's fees are "fairly unusual," *Marshall v. First Nat'l Bank of Lewisburg*, 622 S.W.2d 558, 561 (Tenn. Ct. App. 1981), a claim for attorney's fees must be specifically pleaded under Tenn. R. Civ. P. 9.07. *Cross v. McCurry*, 859 S.W.2d 349, 353 (Tenn. Ct. App. 1993). Thus, prudent lawyers seeking to recover attorney's fees should include a specific request for attorney's fees in their pleadings that includes a specific reference to the contractual, statutory, or other substantive basis for an award of attorney's fees.

*Hardcastle*, 2004 Tenn. App. LEXIS 827, at ** 53-54.[1]

---

[1] The *Hardcastle* Court acknowledged this was not a bright line rule by pointing out that in *Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530, 533-34 (Tenn. Ct. App. 2002), we upheld an award of attorney's fees pursuant to the Tennessee Consumer Protection Act even though the consumer did not include a specific request for attorney's fees in the complaint. We concluded that the consumer protection claim by itself put the defendant on notice that it could be required to pay the consumer's attorney's fees because an award of attorney's fees was a statutory element of damages

(continued...)

While the *Hardcastle* Court indicated that the "fairly unusual" request for attorney's fees should be specifically pled, the Supreme Court in *Mitchell* reached a different result regarding prejudgment interest. The *Mitchell* Court concluded that requests for prejudgment interest in cases involving loss of use of funds resulting from the failure to pay an obligation according to its terms were "'familiar and almost commonplace.' *See Deas v. Deas*, 774 S.W.2d at 170. Consequently, the recovery of prejudgment interest under such circumstances does not require that the plaintiff plead specially." *Mitchell*, 876 S.W.2d at 832.

In the present case, Defendant propounded interrogatories to Plaintiff which specifically asked Plaintiff to list "all … special damages claimed by plaintiff in this cause .…" Plaintiff's response was that this information was being compiled and would be provided as a late filed exhibit. Similarly, Defendant filed requests for production of documents which requested Plaintiff to produce "any and all … documentation of any kind or nature of any special damages… claimed by the plaintiff in this litigation as the result of the injuries which he alleged in the Complaint." Plaintiff responded once again that this information would be provided "as a late filed exhibit." On appeal, Defendant claims the requested information never was provided. Plaintiff does not claim otherwise and does not point us to anywhere in the record showing that a late filed exhibit containing this information ever was filed or produced.

Damages for having to relocate and increased rent are "fairly unusual" and are by no means either commonplace in a personal injury action of this type or the necessary result of Defendant's actions complained of by Plaintiff. Because these damages were not specifically pled, Defendant lacked notice and an opportunity to gather potential evidence to rebut this claim. The Statement of Evidence contains minimal to no evidence about the relocation and increased rent and this Court would be altogether unable to determine if the amount awarded by the jury was even remotely appropriate. By way of example only, for all this Court, and the jury, knows Plaintiff moved from a small, one bedroom trailer with no air conditioning to a three bedroom apartment with air conditioning. Based on the facts of this case and the nature of Plaintiff's injury, we conclude that any damages for his relocation and increased rent are not the necessary result of the act complained of and are "special damages" pursuant to Tenn. R. Civ. P. 9.07. As such, Plaintiff was required to plead specifically these damages.[2]

The next issue is whether the Trial Court's comments to the jury about insurance were such that Defendant is entitled to a new trial. As stated previously, the Trial Court informed the jury in response to a juror's inquiry that whether Defendant had insurance was irrelevant. Unfortunately, the Trial Court then added that "although the law in Tennessee may require insurance, you are not

[1](...continued)
in a consumer protection case. *Hardcastle,* 2004 Tenn. App. LEXIS 827, at ** 54-55.

[2] With regard to the claim for relocation expenses and increased rent, the only issue on appeal is whether these are special damages pursuant to Tenn. R. Civ. P. 9.07 which should have been specifically pled. Defendant does not claim that these damages cannot be recovered as a matter of law, and we express no opinion on that issue one way or the other.

to consider the presence of insurance in this case." This comment to the jury clearly informed the jury that Defendant either violated Tennessee law or she had insurance.

In *Youngblood v. Solomon*, No. 03A01-9601-CV-00037, 1996 Tenn. App. LEXIS 352 (Tenn. Ct. App. June 11, 1996), *no appl. perm appeal filed*, this Court stated:

> There is a general rule in this state that evidence relating to the existence or non-existence of liability insurance is not admissible. *Woods v. Meacham*, 46 Tenn. App. 711, 333 S.W.2d 567 (1960). Deliberate injection of the matter into the trial is ground for a reversal. *Id.* However, where such evidence comes out inadvertently in the examination of a witness on other subjects, the tendency is to allow the verdict to stand unless the record shows that the evidence had some effect on the jury. *See Finks v. Gillum*, 38 Tenn. App. 304, 273 S.W.2d 722 (1954); *Seals v. Sharp*, 31 Tenn. App. 75, 212 S.W.2d 620 (1948).

*Youngblood*, 1996 Tenn. App. LEXIS 352, at *7.

Although the comments by the Trial Court to the jury may stop just short of definitively saying that Defendant had insurance, the only fair reading of the comments is that Defendant either was insured or she was in violation of Tennessee law. Of course, there is no way for this Court to know exactly how this comment by the Trial Court was interpreted by the various members of the jury. When responding to the juror's inquiry, the Trial Court properly informed the jury that whether Defendant had insurance was irrelevant. However, we believe the Trial Court erred when it added that although Tennessee law may require drivers to have insurance, the presence of insurance is not to be considered because this comment told the jury that Defendant had insurance unless she was in violation of Tennessee law.

The next issue is Defendant's claim that the Trial Court erred when it permitted Woods to testify when her identity as a witness had not been disclosed in Plaintiff's responses to discovery requests or on Plaintiff's witness list. Defendant's interrogatory No. 14 requested the "name, address and telephone number of all persons who claim to be eye witnesses, and/or have any discoverable knowledge of any kind regarding this accident and identify each such person as to whether that person is an eye witness to the accident or not." Plaintiff's response to this interrogatory was simply: "None other than those listed on the accident report." The accident report is attached as an exhibit to the interrogatory responses. The accident report does not list Woods as a witness and, in fact, her name appears nowhere on the report. The only witness identified in the accident report is Plaintiff's wife. It is uncontested that Defendant knew both from Plaintiff's deposition and otherwise that while Brown was present that day, she did not witness the accident. As noted previously, Plaintiff argues that Woods' identity did not have to be disclosed because she was used solely as a rebuttal witness. Plaintiff cites no authority to support this argument.

-6-

*Mahan v. Mahan*, No. M1999-01366-COA-R3-CV, 2000 Tenn. App. LEXIS 752 (Tenn. Ct. App. Nov. 15, 2000), *no appl. perm. appeal filed*, involved domestic litigation and a claim by the husband that the wife had improperly failed to disclose relevant evidence. The wife claimed she had no obligation to disclose rebuttal evidence. We disagreed, stating:

> Tenn. R. Civ. P. 26.02(1) is broad in scope, and allows parties "to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved . . . including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Tenn. R. Civ. P. 26.02(1). The purpose of the rule is to allow the discovery of facts which "will enable litigants to prepare for trial free from the element of surprise. . ." *Strickland v. Strickland*, 618 S.W.2d 496, 501 (Tenn. Ct. App. 1981). The trial court has wide discretion in its actions upon learning of a discovery violation. *See id.* The trial court's admission or exclusion of evidence is reviewed for an abuse of its discretion. *See id.* Refusal to allow the disputed evidence is one of the court's options, although not its only one. *See id.* The court should consider the explanation for the failure to disclose the evidence, the importance of the evidence, the need for time to prepare to meet the evidence, and the possibility of a continuance. *See id.* The court may exclude the evidence, allow the evidence, or grant a continuance to the other party. *See id.*
>
> With regard to Wife's contention that "rebuttal evidence" is not subject to discovery, this court examined that contention in *Pettus v. Hurst*, 882 S.W.2d 783 (Tenn. Ct. App. 1993), and determined that evidence intended to be used for rebuttal was nonetheless subject to discovery. *See Pettus*, 882 S.W.2d at 786. In that personal injury case, the defendant did not disclose the name of a private investigator hired to observe and photograph the plaintiff, relying upon local court rules which did not require a party to disclose the names of impeachment and rebuttal witnesses. This court noted that trial courts "may adopt local practice rules as long as they do not conflict with other applicable statutes or rules promulgated by the Tennessee Supreme Court." *Id.* We then acknowledged that adversaries are not entitled to discover an opponent's witness list in the absence of a local rule or a court order, but held that Tenn. R. Civ. P. 26.02(1) allowed the discovery of the name of the private investigator as a person who "had personal knowledge of facts relevant to the claims or defenses involved in the case," notwithstanding the defendant's intention to call him as a rebuttal witness. *Id.* at 787. Thus, evidence properly

requested is subject to discovery, even if it is to be used to rebut an opponent's testimony.

*Mahan*, 2000 Tenn. App. LEXIS 752, at ** 14-17. We conclude that Woods had personal knowledge of relevant facts, that her identity was properly requested by Defendant, and Plaintiff should have disclosed her identity in his discovery responses even if she was to be called only as a rebuttal witness.

To summarize, we conclude: (1) Plaintiff's requested damages for having to relocate and the increased rent are special damages which should have been specifically pled; (2) the Trial Court erred when it informed the jury that "although the law in Tennessee may require insurance, you are not to consider the presence of insurance in this case."; and (3) Plaintiff was required to disclose the identity of Woods in response to Defendant's discovery requests, and Plaintiff failed to do so. We purposefully have not discussed whether any particular one of these errors, standing alone, would constitute reversible error by the Trial Court. Our reason for this is because we believe the overall cumulative effect of these errors is such that the entire judgment must be vacated and this case remanded for a new trial. In light of this conclusion, Defendant's fourth issue claiming the jury's verdict was excessive is moot.

## Conclusion

The Judgment of the Trial Court is vacated and this cause is remanded to the Trial Court for further proceeding as necessary and consistent with this Opinion. Costs on appeal are assessed against the Appellee, John William Thomas.

_____
D. MICHAEL SWINEY, JUDGE