IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 18, 2020 Session

## IN RE ESTATE OF WAWANA LYNN BRAKEBILL

**Appeal from the Chancery Court for Knox County**
**No. 77837-1     John F. Weaver, Chancellor**

_____

### No. E2019-00215-COA-R3-CV

_____

Attorney Herbert Moncier ("Claimant") brought this action for prejudgment and/or post-judgment interest on an award of $667,681.80 in attorney's fees charged by Claimant for legal services rendered to W. Lynn Brakebill ("Decedent"). Claimant also sought an award of attorney's fees against Decedent's estate for his *pro se* legal work done in litigating the issues pertaining to his fees charged as an attorney. The trial court denied prejudgment and post-judgment interest and held that Claimant could not recover attorney's fees for his time expended representing himself. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Herbert S. Moncier, Knoxville, Tennessee, *pro se* appellant.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for the appellee, Estate of Wawana Lynn Brakebill.

## OPINION

### I. BACKGROUND

There are no factual issues in dispute on this appeal. In 2012, Decedent hired Claimant to represent her in an action against her former husband, Jack Brakebill. The litigation was highly contentious and protracted. Decedent suffered from intermittent mental health issues. On April 20, 2012, the Knox County Chancery Court entered an order authorizing Melissa Mancini, Decedent's guardian ad litem, to take control of

Decedent's financial affairs. On June 15, 2012, an agreed order was entered appointing Ms. Mancini as Decedent's temporary conservator. Three years later, on September 18, 2015, Ms. Mancini was appointed conservator of Decedent.

In June of 2016, Decedent died, and a petition for probate of her will was filed. Claimant filed his claim against the Estate "for services rendered to [Decedent], her Guardian *ad litem* and Conservators during litigation in three cases." Jack Brakebill, another creditor of the Estate, timely filed an exception to Claimant's claim. Claimant filed a motion to dismiss Mr. Brakebill's exception, referencing a settlement agreement between the Estate and Mr. Brakebill that settled his claims against the Estate. Three days later, on February 8, 2018, Mr. Brakebill filed notice in the trial court that "having resolved all issues with the Estate[,] neither he nor his attorneys will be advocating any exceptions, objections, motions, or any other papers filed by, or on his behalf, in this matter" and that "all such exceptions . . . may be over-ruled as moot or deemed withdrawn" by Mr. Brakebill.

On February 12, 2018, Michell Wilkerson, Executrix of the Estate, filed a motion stating as follows:

> Executrix . . . respectfully moves this Honorable Court to set a hearing to determine the reasonableness of the fees and expenses set forth by [Claimant] related to the claim that he filed . . . with this Court. [Executrix] did not file an exception to [Claimant's] claim(s) inasmuch as [Executrix] believes that [Claimant] is due a reasonable award of fees and expenses for the legal work that he performed on behalf of the Decedent and/or the Decedent's conservatorship prior to the Decedent's death; further, at that time claimant Jack Brakebill had filed an exception to [Claimant's] fees. Notwithstanding that there has been a "global" settlement of multiple lawsuits under which Jack Brakebill agreed to withdraw his personal claim against the Estate[, Executrix] believes that it is appropriate for this Court — as the ultimate arbiter regarding awards of attorney fees in Chancery Court cases, as well as the ultimate protector of the Estate — to make inquiry as to the reasonableness and necessity of the fees and expenses claimed. In the alternative, [Executrix] requests that the Estate . . . be allowed to adopt and/or join in the exception filed by Jack Brakebill in regards to [Claimant's] claim for fees.

Claimant responded by filing a motion to dismiss, arguing that Executrix did not timely file an objection to his claim as required by Tenn. Code Ann. § 30-2-314 (2015). Claimant also filed a "motion for attorney fees for litigating attorney fees."

On June 21, 2018, the trial court entered an order dismissing as moot the exception filed by Mr. Brakebill to Claimant's claim, *nunc pro tunc* to February 8, 2018. Shortly thereafter, the trial court granted Claimant's motion to dismiss Executrix's motion "to file an exception to the claim of [Claimant] after the time provided by statute or to join in an exception filed by Jack F. Brakebill." The trial court ruled that Claimant's claims for attorney's fees and costs during the time Decedent was subject to a conservatorship "require Court approval under T.C.A. § 34-1-113 and application of Tenn. R. Sup. Ct. 8, RPC 1.5 for consideration by the Clerk and Master for his report and recommendation to this Court."

Following a hearing before the Clerk & Master on the reasonableness of Claimant's fees, the Clerk & Master recommended approval of the full amount requested, $667,681.80. The trial court confirmed the report. The Estate promptly paid Claimant $667,681.80, and this amount is not contested on appeal. Claimant then filed motions "for attorney's fees for successful defense of attorney's fees," "for attorney's fees for the granting of . . . dismissal of late filed exceptions," and for prejudgment interest on his claim for fees, starting from Decedent's date of death. Alternatively, Claimant argued that he was entitled to post-judgment interest starting from November 16, 2016, thirty days after he filed his claim against the Estate.

After a hearing on Claimant's request for prejudgment and/or post-judgment interest and attorney's fees, the trial court issued an oral memorandum opinion holding as follows in pertinent part:

> as to the claim for prejudgment interest, TCA 30-2-317 only provides for the payment of interest on contested claims where the claim is one bearing interest such as promissory notes with interest due and payable. The Claimant's claim is not one bearing interest in that regard.

> If the claim is viewed as a claim on which no exceptions were filed, the Court believes the Claimant must apply, under TCA 30-2-316, for entry of a judgment for the unexcepted claim to be entered as a judgment. That was not done in this case.

> The Claimant's claims in this case being in the nature of attorney fees and expenses payable in a conservatorship proceeding were not allowed or determined to be reasonable until later, and it wasn't until later under the criteria of Rule of Professional Conduct 1.5 that the claims were − that the fees were allowed. And it wasn't really until this Court's order of confirmation entered October 18, 2018, that the fees were allowed.

\*       \*       \*

3

Additionally, the Claimant, Mr. Moncier, is a licensed and prominent attorney, but nonetheless he's also *pro se*, and the Court does not believe that a *pro se* attorney can recover attorney fees for his time because there is no attorney employed. . . . Claimant is making the claim for attorney fees that he rendered for services for himself, a *pro se* attorney. There's no third-party attorney involved here. There is no agency involved here.

The trial court denied Claimant's requests for interest and his attorney's fees while representing himself.

## II. ISSUES PRESENTED

Claimant appeals, raising the following issues, which we have restated:

1. Whether the trial court erred in denying his request for post-judgment interest on the ground that he did not comply with Tenn. Code Ann. § 30-2-316, which requires written application and timely written notice before a court may enter judgment against an estate after the time for entering exceptions for claims against an estate has expired.

2. Whether the trial court erred in denying Claimant's request for prejudgment interest.

3. Whether the trial court erred in denying Claimant's request for attorney's fees for himself acting *pro se*.

## III. STANDARD OF REVIEW

The issues presented involve questions of law. "We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness." *Duke v. Duke*, 563 S.W.3d 885, 894 (Tenn. Ct. App. 2018).

## IV. ANALYSIS

### A. Post-Judgment Interest

When a creditor timely and properly files a claim against an estate, Tenn. Code Ann. § 30-2-314 provides the following time limitation for the personal representative to file an exception to the claim:

(a)(1) Until thirty (30) days after the expiration of four (4) months from the date of the notice to creditors given as provided in § 30-2-306(b), the personal representative, or any party interested in the estate either as creditor, distributee, heir or otherwise, may except to the claim by filing written exceptions in triplicate with the clerk of the court in which the estate is being administered.

(2) However, if the filing of the claim as permitted by § 30-2-307(a) occurs after the date that is four (4) months from the date of the notice to creditors, the personal representative, or any party interested in the estate either as creditor, distributee, heir or otherwise, may except to any claim by filing written exceptions in triplicate with the clerk of the court in which the estate is being administered; provided, that the exception is filed no later than thirty (30) days from the date the personal representative receives notice from the clerk of the filing of the claim.

Tenn. Code Ann. § 30-2-316 provides the following procedure for a creditor to request a court to enter judgment in the creditor's favor after the time to enter an exception has expired:

After the lapse of ninety (90) days from and after the expiration of the time for entering exceptions to claims filed against the estate, the court may, *upon the written application of any creditor* having a matured claim on which no independent suit is pending, to whose duly filed claim no exception has been filed as provided in § 30-2-314, enter judgment for the creditor against the estate; provided, that *not less than five (5) days' prior written notice of intention to file an application shall be given to the personal representative*, stating the time at which the application is to be presented to the court.

(Emphasis added). It is undisputed that, as the trial court held, "that was not done in this case." Claimant did not provide or file a written application, nor did he provide timely written notice to Executrix, as required by the statute. The trial court did not enter judgment for Claimant against the Estate until October 18, 2018, after the hearing and report from the Clerk & Master. The Estate paid Claimant's claim for attorney's fees within a week. Consequently, the trial court did not err by refusing to award Claimant post-judgment interest.

Claimant relies upon *Warfield v. Thomas' Estate*, 206 S.W.2d 372, 375 (Tenn. 1947), wherein the Supreme Court, interpreting a prior version of Tenn. Code Ann. § 30-2-316, stated:

5

In Higgins' Administration of Estates in Tennessee, Section 126-a, p. 97, it is said: "It would seem that claims unexcepted to become the equivalent of judgments against the estate, excepting of course that the right to an execution thereon does not follow. The failure to except to a demand thus filed should be looked upon as a confession of judgment. It is submitted, however, that relief from such a situation may be granted if the failure to except be brought about by the fraud of the claimant."

While no case is cited in support of the text, we think it is sound in principle. . . . We think that, where the statute expressly provides, as in the instant case, that no exceptions may be filed after the 13 months' period of limitation, the claim stands as if formally adjudicated. The right of the executor cannot be enlarged by any rule or order of extension by the Court.

*Accord Needham v. Moore*, 292 S.W.2d 720, 722-23 (Tenn. 1956); *Bowling v. Minton*, 244 S.W.2d 998, 1000 (Tenn. 1951). The *Warfield* decision, however, predates the current version of the statute. At the time *Warfield* was decided, there were no requirements for written application and five days' prior written notice in the statute. The General Assembly has since amended the statute to expressly provide for those requirements. Moreover, the issue presented in this case is not whether the right of Executrix to file exceptions to Claimant's claim was or should have been "enlarged by any rule or order of extension by the Court." *Warfield*, 206 S.W.2d at 375. The question here is whether an award of post-judgment interest was appropriate when the statutorily-prescribed procedural requirements for asking a court to enter judgment against an estate were not followed. We affirm the trial court's decision not to award Claimant post-judgment interest under these circumstances.

## B. Prejudgment Interest

Claimant argues that the trial court erred by declining to award him prejudgment interest on his claim. We review a trial court's judgment regarding an award of prejudgment interest under the abuse of discretion standard. *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 446 (Tenn. 1992) ("The award of prejudgment interest is within the sound discretion of the trial court and the decision will not be disturbed upon appellate review unless the record reveals a manifest and palpable abuse of discretion"); *Int'l Flight Ctr. v. City of Murfreesboro*, 45 S.W.3d 565, 573 (Tenn. Ct. App. 2000) ("Trial courts are afforded a great deal of discretion and are entitled to deference regarding the determination of whether to award prejudgment interest") (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998)).

In *Myint*, the Supreme Court set forth the following general principles guiding a trial court's prejudgment interest decision:

6

Foremost are the principles of equity. Tenn. Code Ann. § 47-14-123. Simply stated, the court must decide whether the award of prejudgment interest is fair, given the particular circumstances of the case. In reaching an equitable decision, a court must keep in mind that the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrongdoing. *Mitchell v. Mitchell*, 876 S.W.2d 830, 832 (Tenn. 1994); *Otis*, 850 S.W.2d at 446.

In addition to the principles of equity, two other criteria have emerged from Tennessee common law. The first criterion provides that prejudgment interest is allowed when the amount of the obligation is certain, or can be ascertained by a proper accounting, and the amount is not disputed on reasonable grounds. *Mitchell*, 876 S.W.2d at 832. The second provides that interest is allowed when the existence of the obligation itself is not disputed on reasonable grounds. *Id*. (citing *Textile Workers Union v. Brookside Mills, Inc.*, 205 Tenn. 394, 402, 326 S.W.2d 671, 675 (1959)).

970 S.W.2d at 927. Subsequently, this Court observed that "[a]s a consequence of the *Myint* decision, the Court shifted the balance to favoring prejudgment interest whenever doing so will more fully compensate plaintiffs for the loss of use of their funds." *In re Estate of Ladd*, 247 S.W.3d 628, 646 (Tenn. Ct. App. 2007) (internal quotation marks omitted).

In the case of *Fossett v. Gray*, 173 S.W.3d 742, 754 (Tenn. Ct. App. 2004), this Court discussed prejudgment interest in the specific context of an award of attorney's fees, stating:

The Tennessee prejudgment interest statute, T.C.A. 47–14–123 (2001), states, in relevant part:

Prejudgment interest, *i.e.*, interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity. . . .

The statute's definition of prejudgment interest as an "element of, or in the nature of, damages," suggests that an award of prejudgment interest is available only to parties to a case—not to their attorneys. An attorney is not a party to a case and cannot be awarded damages for delay caused by a

7

party's intervention, however vexatious it may have been.  This conclusion is supported by the reasoning of our supreme court, in the case of *Myint*[:]

> . . . In reaching an equitable decision, a court must keep in mind that **the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled**, not to penalize a defendant for wrongdoing.

*Id.* at 927.  Prejudgment interest, then, is not properly awarded to counsel for the costs incurred in representing a client.  In this case, the plaintiffs' attorneys have been awarded their costs and a fair attorney fee.  We therefore reverse the chancery court's award of prejudgment interest [on the attorney's fees award].

The present case presents a situation different from *Fossett* in certain regards.  Here, in this probate case, Claimant is proceeding as a party − a creditor seeking to collect from the Estate a debt owed by Decedent.  Nevertheless, the underlying debt is for Claimant's contractual fees for legal representation.  The *Fossett* Court's statement that prejudgment interest "is not properly awarded to counsel for the costs incurred in representing a client" remains relevant and persuasive.  In this case, Claimant has never taken on the role of a plaintiff seeking compensatory damages.  *Myint* and its progeny have emphasized that prejudgment interest is appropriate as an element of a plaintiff's compensatory damages: "After all, the more clear the fact that the plaintiff is entitled to compensatory damages, the more clear the fact that the plaintiff is also entitled to prejudgment interest as part of the compensatory damages." *Myint*, 970 S.W.2d at 928.

Without a doubt, the *existence* of the obligation to Claimant to pay his reasonable attorney's fees has never in been in dispute, and Executrix has not argued otherwise.  Any delay in determining the *amount* of the obligation was due in part to the trial court's fulfillment of its duty to review and approve a payment made on behalf of a person under a conservatorship, as set forth in Tenn. Code Ann. § 34-1-113(a):

> The fiduciary is entitled to pay from the property of the . . . person with a disability the costs of any required medical examination, the guardian ad litem fee, bond premium, court costs, attorney fees, fees for income tax preparation and court accountings, investment management fees, taxes or governmental charges for which the . . . person with a disability is obligated and such other expenses as the court determines are necessary for the fiduciary.  The fiduciary shall not pay any attorney fee . . . until the amount of those fees is approved by the court.

8

This statutory provision reflects a legislative determination that, given the immense power and control of a fiduciary such as a conservator over the financial and personal affairs of his or her ward, accountability and judicial oversight of the fiduciary's decisions are warranted. On appeal, Claimant does not seriously dispute the trial court's ruling that under Tenn. Code Ann. § 34-1-113, his claims were subject to judicial scrutiny and approval.[1] We find no error in the trial court's decision to review and approve the amount of Claimant's attorney's fees charged to Decedent. Thus, as the trial court noted, the amount of the claim was uncertain and subject to reasonable dispute prior to the court's order approving the entire requested fee entered October 18, 2018. The trial court did not abuse its discretion in refusing to award Claimant pre-judgment interest, and its ruling in this regard is affirmed.

### C. Attorney's Fees For Self-Representation

Claimant filed several motions asking the trial court to award fees for his time spent representing himself in litigating his claim against the Estate. The trial court denied his request, stating that it "does not believe that a *pro se* attorney can recover attorney fees for his time because there is no attorney employed." Claimant appeals this ruling.

At the hearing before the trial court on this issue, the court asked Claimant, "do you have any case where a *pro se* attorney has been able to recover for this time?" Claimant responded, "No, sir." Executrix cites and relies on several cases contrary to Claimant's position, including the United States Supreme Court's decision in *Kay v. Ehrler*, 499 U.S. 432, 435 (1991), where the Court addressed the question of "whether a *pro se* litigant who is also a lawyer may be awarded attorney's fees under [42 U.S.C.] § 1988." Answering in the negative, the *Kay* Court observed that "the word 'attorney' assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988." *Id.* at 435-36 (footnote omitted). The High Court further reasoned:

> A rule that authorizes awards of counsel fees to *pro se* litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful

---

[1]Claimant does not mention or discuss Tenn. Code Ann. § 34-1-113 in his brief. He argues that most of his fees were incurred during a time when Decedent was not under a conservatorship. The statute does not draw a distinction based on when a "person with a disability" incurs a relevant cost or expense. It requires judicial approval of any payment of such a cost by a fiduciary. In his brief, Claimant argues that the trial court's decision "to analyze and evaluate the sworn claim is contrary to the holdings in *Warfield* and *Bowling*." As we have already held, these holdings are of limited pertinence because they interpreted a substantially different version of Tenn. Code Ann. § 30-2-316.

prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

*Id.* at 437-38. Shortly before *Kay*, the Sixth Circuit in another 42 U.S.C. § 1988 case stated broadly, "[p]ro se litigants are not entitled to recover attorney fees. . . . Not even attorneys who proceed *pro se* are entitled to recover fees." *Simpson v. Montague*, 902 F.2d 35 at *4 (6th Cir. May 10, 1990).

This Court has ruled similarly in a Tennessee Public Records Act case, *Clarke v. City of Memphis*, 473 S.W.3d 285, 293-94 (Tenn. Ct. App. 2015), stating,

> We see no authority in the statute that would permit a self-represented litigant—even a licensed attorney such as Mr. Clarke—to recover "attorneys' fees" for personal efforts expended on a public records case. Self-represented efforts involve no costs in the form of attorneys' fees because the incurring of such fees implies an agency relationship. *See Black's Law Dictionary* 153 (10th ed. 2014) (defining an attorney as "one who is designated to transact business for another; a legal agent"). Although Mr. Clarke is entitled to recover attorneys' fees he actually incurred as a cost, he is not entitled to recover attorneys' fees he billed while working on his own case.

*Accord Sutton v. Bedford Cnty. Tenn. Sheriff Dep't.*, No. M2014-02575-COA-R3-CV, 2015 WL 6153742, at *2 (Tenn. Ct. App. Oct. 19, 2015).

The trial court followed this reasoning, finding that "[t]here's no third-party attorney involved here. There is no agency involved here." On appeal, Claimant argues for the first time that his *law firm* should be awarded fees because he was acting on behalf of the firm, stating in his brief that "in the context of a law business being a separate entity from an individual, [Claimant] was employed to represent his law business." Executrix points out that nowhere in any of the pleadings was Claimant's law firm listed as a claimant or a party. The record is clear that Claimant was acting individually, on his own behalf, throughout the proceedings below, and he did not make the argument that he was involved in an agency relationship on behalf of his firm until the trial court ruled that he could not recover *pro se* fees because there was no third-party attorney acting as his agent. This argument is without merit.

"Because the award of attorneys' fees is within the discretion of the trial court, we review the trial court's actions for an abuse of discretion." *Clarke*, 473 S.W.3d at 290. The trial court did not abuse its discretion in declining to award Claimant attorney's fees for time spent representing himself in this case.

## V. CONCLUSION

The judgment of the trial court is affirmed.  Costs on appeal are assessed to the Appellant, Herbert S. Moncier, for which execution may issue if necessary.


_____
KRISTI M. DAVIS, JUDGE